Mr. Chief Justice Moore
dissenting:
My conviction, that the majority opinion does violence to express constitutional limitations on the power of the legislative branch of government, requires that I repeat portions of my dissenting opinion in People ex rel. Terrell, as follows:
Article VI, Section 9(1) of the Colorado constitution provides that, “The district courts * * * shall have original jurisdiction in all * * * criminal cases * *
It is my view that the legislative act under consideration attempts to curtail the power conferred upon the district court by this constitutional provision. The act recognizes that a “child” (defined as a person under 18 years of age) can commit a felony. This appears in the following language:
“A child shall be charged with the commission of a felony only as provided in subsection 4(a) of this section, except for crimes of violence punishable by death or life imprisonment where the accused is 16 years of age or older.”
There is here a recognition that felonies may be committed by children both over and under 16 years of age.
In the statute above quoted there is a clear indication that “children” under 18 years of age are capable of committing felonies including aggravated crimes of violence. However, it is claimed that they should not be answerable, as provided by the constitution, for lesser felonies. I submit that if such “child” is answerable to the district court, under the terms of the constitution for the felony of murder, he is equally answerable to that court for the felony of robbery, or assault with intent to commit murder, or other crime requiring a lesser degree of culpability. It makes no sense to me to say that a person under 18 years of age may be tried for felonies in the district court (as required by the constitution) if it is a major “capital offense,” but cannot be tried *539 for lesser ones, some of which are frequently necessarily included in the “capital” crime.
The statute attempts to nullify the constitutional provision by asserting, in ultimate effect, that the “lesser” felony charge can only be filed in .the juvenile court, where it will be called something else.
To the foregoing I would add the following comment. No person can truthfully deny that a very substantial percentage of burglaries, robberies, thefts, and assaults upon the person, are committed by persons between the ages of 16 and 18. If this conduct gives rise to legal action, in the prosecution of which it is necessary to apply all the rules applicable to criminal cases; and if the court is authorized upon a finding of guilt to impose a sentence, whether it be imprisonment, probation, or other restraint on freedom, the action is one which is necessarily a “criminal case” within the coverage of the constitution which confers “original jurisdiction” in all criminal cases upon the district court. The constitution does not say that the jurisdiction of the district court can be ousted unless the juvenile court (a creature of statute) gives consent that the district court may act. It is my conviction that the legislature has no power thus to limit by statute the constitutional authority vested in the district court. I readily agree that there is an age beneath which the legislature can determine that a “child” is incapable of committing any crime. It has no power to say that a person 16 to 18 years of age cannot commit small crimes, but can only commit big ones. This, to me, is an absurdity in face of the known truth that crimes of all kinds, in and out of organized gangs, are being committed in very substantial numbers by persons within the ages of 16 to 18 years. Using the term “delinquency” to this age group does not change the essential nature of the event on which it is based. If that event in the judgment of the district attorney, whose job it is to prosecute criminal cases, warrants prosecution for commission of a crime, *540 the district court has constitutional jurisdiction to proceed.
I quote from “The United States LAW WEEK” of December 19, 1967, language there quoted from In Re Urbasek, (Supreme Court of Illinois 11/30/67) as follows:
“* * * A minor found guilty of the requisite misconduct to be adjudged a delinquent ‘is committed to an institution’ where he may be restrained of liberty for years. It is of no constitutional consequences — and of limited practical meaning — that the institution to which he is committed is called an Industrial School. The fact of the matter is that, however euphemistic the title,, a ‘receiving home’ or an ‘industrial school’ for juveniles is an institution of confinement in which the child is incarcerated for a greater or lesser time. His world becomes ‘a building with whitewashed walls, regimented routine and institutional laws.’ * * *. Instead of mother and father and sisters and brothers and friends and classmates, his world is peopled by guards, custodians [and] state employees * * *. When we eschew legal fictions and adopt a realistic view of the consequences that attach to a determination of delinquency and a commitment to a juvenile detention home, ‘juvenile quarters’ in a jail or a State institution as described above, we can neither truthfully nor fairly say that such an institution is devoid of penal characteristics. * * *”
In other words, such a proceeding is a criminal case, constitutionally triable in the district court.
Mr. Justice Hodges concurs in this dissent.